## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PAUL DABROWSKI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-142E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| OFFICER JOSHUA ALLISON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Defendants' Motion to Dismiss (Doc. 10) will be granted in part and denied in part, as follows.

Defendants seek dismissal of Plaintiff's First Amendment claim under *Heck v. Humphrey*, due to his having pleaded guilty to using/possessing drug paraphernalia.  *See* Defs.' Br. (Doc. 11) at 3-4.  The Court's review of Defendants' exhibits and the public record, however, appears to confirm Plaintiff's assertion that the drug-paraphernalia charge arose out of a separate incident, which occurred the day prior to the one addressed in this lawsuit.  *See* Doc. 10-2 at ECF banner page 1 of 4 (offense date was July 7, 2018, one day prior to the incident addressed here).  Defendants have not demonstrated entitlement to dismissal, and their Motion will be denied to this extent.

Defendants also seek dismissal of the claims against City of Erie Police Department, arguing that there are insufficient allegations to establish *Monell* liability.  The Motion is well taken in this regard, because Plaintiff has failed to make plausible allegations that the Department had a policy or custom of permitting its officers to engage in the constitutional-deprivations alleged.  *See* <u>Olick v. Pa.</u>, 739 Fed. Appx. 722, 727 (3d Cir. Jun. 19, 2018)

(dismissing plaintiff's *Monell* claim for use of excessive force, notwithstanding plaintiff's ability to state such a claim against the individual officer) (citation to binding authority omitted).

Although the Court has doubts, it cannot be said with certainty that the aforementioned deficiency is incapable of being cured.  Accordingly, the dismissal will be without prejudice to Plaintiff filing an amended complaint, should he choose, as relates to *Monell* (only).  To be clear, conclusory allegations, or legal conclusions cast in the form of factual averment, will not suffice. *See* Ekwunife v. City of Phila., 756 Fed. Appx. 165, 168-69 (3d Cir. Dec. 7, 2018) (citation to binding authority omitted).  Rather, Plaintiff must be prepared to come forward with specific, plausible allegations in support of municipal liability.

Consistent with the foregoing, Defendants' Motion to Dismiss (**Doc. 10**) is **DENIED** regarding Plaintiff's First Amendment claim, and **GRANTED** regarding his *Monell* claim. Should Plaintiff wish to file an amended complaint, in an attempt to satisfy *Monell*, he shall do so by **June 15, 2021**.  If no such amended pleading is timely filed, dismissal of the *Monell* claim will be converted to with-prejudice, and the case will proceed on Plaintiff's remaining claims.

IT IS SO ORDERED.


June 1, 2021                                        s/Cathy Bissoon_____
                                                   Cathy Bissoon
                                                   United States District Judge


cc (via ECF email notification):

All Counsel of Record