Case 1:20-cv-00142-CB

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY PAUL DABROWSKI, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-142E |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| OFFICER JOSHUA ALLISON, et al., ) | |
| ) | |
| Defendants. ) | |

FILED
JUN 15 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### AMENDED COMPLAINT FOR A CIVIL CASE AND MONELL LIABILITY

COMES NOW I, Anthony Paul Dabrowski, Jr., in response to the United States District Court for the Western District of Pennsylvania's Order (Case 1:20-cv-00142-CB Doc. 16) and move to request the court hold the Defendants liable for the pain and suffering and emotional distress claims mentioned in the Response to Amended Motion to Dismiss Complaint, in accordance with the precedent case <u>Monell v. Department of Social Services of the City of New York.</u>, 436 U.S. 658 (1978). This is an attempt to cure any defects.

May the court consider the nature of the claim and the relative position the City of Erie Police Department stood in relation to the events that occurred July 8, 2018. Pursuant Fed. R. Civ. P., Rule 9(d), "In pleading an official document or official act, it suffices to allege that the document was legally issued or the act legally done." It is with certainty that the documents presented by the Defendants are not in alignment with Rule 9(b) withstanding the court's decision to deny their Motion to Dismiss Complaint (1:20-cv-00142-CB, Doc. 5), as an inconsistency arose out of their submitted evidence. This conclusion averred with the court suggests that the Defendants in their full

capacity, knowingly submitted as evidence false documents in an attempt to pervert the course of justice.

Within the scope of Monell Liability, the Defendants' error of fact must be held as an accountable action for which liability may be placed. There is documentation which states that said statements, See {1:20-cv-00142-CB, Response to Amended Motion to Dismiss Complaint, Section I(B)(2,4), Section II [(A)(2)(B)(2)(B)(4)(b)], Conclusion: Paragraph 2]}, convey without question requests for compensatory damages under the FTCA by and through reasons of pain and suffering and emotional distress caused by the incident set forth by the Complaint for a Civil Case (1:20-cv-142).

1. **Monell Liability Claim**
   a. <u>Burden of Proof</u>: I, Anthony Paul Dabrowski, Jr., bear the burden of production of conclusory elements relative to Monell Liability brought forth by the Defendants and as a Pro Se Litigant.
   b. <u>The Amended Motion to Dismiss Complaint utters false instrument concurrent with Brief in Support of Amended Motion to Dismiss, thereby subjunctioning further liability.</u>
   c. <u>Elements of Claim</u>: I, Anthony Paul Dabrowski, Jr., contest those statements named in these elements presented to the court by the Defendants:

      **element (I):** Section II, Paragraph 2 of the Brief in Support of Amended Motion to Dismiss (1:20-cv-00142-CB Doc. 11) states "As a result of this incident, Plaintiff plead guilty to use/possession of drug paraphernalia." However the disposition on the matter may be observed through Exhibits 1-4 on the Response to Amended Motion to Dismiss (1:20-cv-00142-CB). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." [FRE, Article IV, Rule 401(a,b)]. The purpose of the Office of the City Solicitor is involvement with the making of official policies administered by the City of Erie, including the City of Erie Police Department. "The Solicitor's Office...acts as the attorney for the City of Erie and its officials. It represents the City in

court actions...as well as drafting and approving proposed ordinances, resolutions, deeds, leases, contracts legal proceedings and briefs." See (https://cityof.erie.pa.us/government/departments/city-solicitor/)

**element (II):** Exhibit 1 of Amended Motion to Dismiss Complaint (1:20-cv-00142-CB Doc. 10-1) presents as an error in fact which manipulates the movants' evidence presented to the court in a manner that would favor the Defendants' motion. A factual representation of the events may have provided deliverance from discernment obtained therein by this inconsistent representation of evidence submitted by the Defendants. The City of Erie Police Department clearly has policies in place that would allow the Defendants to alter official documents.

**element (III):** Officer Joshua Allison and the City of Erie Police Department are grantors that have given power of attorney to the City of Erie Office of the City Solicitor. Attorney Catherine Doyle is the acting agent. The Defendants are accountable for the spoliation of evidence through the contractual agreement granted to the Office of the City Solicitor by the Defendants. The City of Erie Police Department has been aware of the actions of its officials, See [1:20-cv-00142, Response to Amended Motion to Dismiss, Section II(A)]. By and through the Defendants lies the knowledge of the actions of one of their agents, "...therefore creating an opportunity to commit constitutional infractions thus the government should be held responsible..." See [1:20-cv-00142, Response to Amended Motion to Dismiss, Section II(B)(3)]. "Municipalities can be held liable for violations of Constitutional rights through 42 U.S.C. Section 1983 actions" See Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).

## CONCLUSION

The documentation that has been submitted on my behalf are the original versions produced by the defendants. "...the Plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 129 S.Ct. at 1949. "...the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption." (FRE. Rule 301).

In reference to the Response to Amended Motion to Dismiss complaint, Exhibit 1, page 3, clearly states "AND NOW, on this date 7/12/18 I certify that the complaint has been properly completed and verified." Within the defendants Amended Motion to Dismiss Complaint, Exhibit 1, Page 3 clearly portrays the allowance by the City of Erie Police Department of an individual to commit constitutional infractions denoting culpability.

One may then ascertain elements presented within the Amended Complaint for a Civil Case and Monell Liability on the matter of the Defendants' Monell Liability could provide a timely resolution to the question of their liability with a well-defined scope of a plausible connection between the Defendants and the evidence submitted to the court, as well as the actions set forth by the document filed June 8, 2020, See [(1:20-cv-00142, Complaint for a Civil Case, Sections (III, IV)].

Sincerely,

*Anthony Paul Dabrowski, Jr.*

Anthony Paul Dabrowski, Jr.