# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PAUL DABROWSKI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-142E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| OFFICER JOSHUA ALLISON, | ) | |
| | ) | |
| Defendant. | ) | |

## CASE MANAGEMENT ORDER

IT IS ORDERED that compliance with the provisions of Local Rule 16.1.B shall occur as follows:

**A.** **Mandatory ADR**

1. Absent exceptions not applicable in this case, all civil litigants are required to participate in this Court's Alternative Dispute Resolution ("ADR") program. *See* website at: https://www.pawd.uscourts.gov/adr-program-information. Under the Court's ADR Policies and Procedures, a *pro se* party may request that the Court name a *pro bono* lawyer to represent him/her, but **only** for the purposes of ADR. If Plaintiff intends to seek *pro bono* representation for the purposes of ADR, he must **file** a written request with the Court on or before **April 25, 2022**.

2. ADR shall be governed by Local Rule 16.2, which requires the parties to have discussions and reach agreement regarding, among other things, the type of ADR that will be used, payment for ADR fees (as applicable), the identity of the proposed ADR neutral, the persons who will appear at the ADR session and the date by which ADR will be completed.

*See* Local Civil Rule 16.2, available at webpage:  https://www.pawd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

This information shall be provided to the Court through an ADR Stipulation, which is due on or before **May 3, 2022**.

      **B.**      **Case Management Deadlines and Instructions Regarding Discovery**

      1.      The parties shall file any motion to add new parties on or before **May 13, 2022**.

      2.      The parties shall file any motion to amend the pleadings on or before **May 13, 2022**.

      3.      The parties shall serve initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) ("Initial Disclosures"), by **May 13, 2022**.  Through Initial Disclosures, the parties are required to provide each other (**not** the Court) with certain information regarding this case, regardless of whether an opposing party has requested it.  Generally, the Initial Disclosures must identify: (a) individuals who have information that the disclosing party will rely upon in support or defense of the lawsuit; (b) copies of, or information regarding, all documents and other things upon which the disclosing party will rely; (c) damages claimed, by category, and any evidence supporting the party's computation of those damages; and (d) any insurance agreement(s) that may be used to cover all or part of a possible judgment.  This Order merely summarizes the parties' Initial Disclosure responsibilities, and Plaintiff and Defendant are referred to, and shall comply with, all provisions of Fed. R. Civ. P. 26(a)(1).

      4.      The parties shall complete discovery on or before **September 12, 2022**.  Discovery is the process by which the parties request information from each other regarding their claims or defenses.  Discovery requests are not made to the Court.  Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the

parties without the Court's involvement.  Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff may request, in writing, answers to questions and documents from Defendant's attorney.  The more specific the request, the more likely the information will be produced.  Generally, parties must respond to discovery requests in writing within thirty (30) days.  Since **September 12, 2022** is the deadline for the completion of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline.  Copies of all requests and responses should be kept; Plaintiff should never send an original document, only a copy.  **Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court**, except where the discovery requests or responses are the subject of a specific motion.

       The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30.  An oral deposition is a seven (7) hour (or less) question-and-answer session in which the person being deposed testifies under oath or affirmation.  The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation.  If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date.  If Plaintiff wishes to conduct one or more depositions but cannot afford to hire a court reporter to administer the required oath and record the deponent's testimony, *see* Fed. R. Civ. P. 28 and 30(c), plaintiff may conduct depositions upon written questions pursuant to Fed. R. Civ. P. 31.  The parties bear their own costs of conducting discovery.

       All interrogatories, notices of deposition, requests for admission and requests for production **shall be served within sufficient time to allow responses to be completed and**

**served prior to the close of discovery and within sufficient time to allow the completion of depositions prior to the close of discovery**.

5. Additionally, the discovery deadline will be extended only by leave of court for good cause shown, and upon motion filed prior to the date on which discovery closes. The motion shall state the reason(s) for the requested extension and shall enumerate with specificity any previous extensions of discovery. The filing of a motion to dismiss or other dispositive motion generally will not stay discovery. Likewise, participation in an ADR process will not stay discovery.

6. Defense counsel and Plaintiff must confer on discovery disputes, consistent with the Court's Local Rules, prior to seeking the Court's intervention. If the parties cannot resolve the dispute, they must contact the Court by telephone (412.208.7460) to set up a conference in an effort to resolve the matter, rather than filing a formal discovery motion. For discovery disputes that arise during a deposition, Defense counsel and Plaintiff together may contact the Court by telephone to resolve the matter.

Any dispute not resolved shall be presented by motion in accordance with the Court's Practices and Procedures (see web page at https://www.pawd.uscourts.gov/content/cathy-bissoon-district-judge). For discovery motions (or any other type of motion), **no briefing schedule will issue**. Discovery motions shall include copies of only those pertinent portions of depositions, interrogatories, requests for admission and responses, *et cetera*, that are relevant to disposition of the motion.

7. A separate order addressing the timing and procedures for dispositive motions will issue after the close of discovery.

8. **A Post-Discovery Status Conference, BY VIDEO, is scheduled for September 28, 2022, at 10:00 a.m.**  Prior to the Conference, Plaintiff and Defendant's counsel will receive via email a Video Conference Invitation link.  In advance of the Conference, all participants must test their internet connection speed to ensure that it is at least 3 Mbps, and also test their ability to run the videoconferencing software using the link provided.  Such testing must be done no later than 48 hours in advance of the Conference, and should any participant experience insurmountable technical difficulties, the responsible party must promptly notify the Court and the opposing party.  Should non-compliance with the testing protocol result in the Conference not proceeding as scheduled, the responsible party may be summarily assessed the costs and fees of the other side.

Prior to the Conference, the parties shall meet and confer regarding settlement of the case and, at least 3 business days prior to the Post-Discovery Status Conference, Defense counsel and Plaintiff shall submit a position letter to this Court.  The position letter shall set forth the following:  (a) A brief recitation of the facts; (b) A discussion of your party's strengths and weaknesses; and (c) Your party's settlement posture.  To ensure candor, the position letters are not to be filed nor shared with the other side, but rather **emailed** to: bissoon_external@pawd.uscourts.gov.  All position letters will be kept **confidential.**

**Plaintiff, Defense counsel and their client, and/or other persons with full settlement authority (including insurance companies), must be present at the Post-Discovery Status Conference.**  A person with full settlement authority is **not** someone who is required to consult with other individuals, by telephone or otherwise, to obtain approval for any proposed settlement term or amount.  Absent Court approval in advance of the Conference, for good cause shown, the Court will not entertain telephone participation in settlement negotiations.  Any party who

5

fails to secure the attendance of person(s) with full settlement authority, may be summarily assessed the costs and attorney's fees of those parties who have secured such attendance, and the Court, it its discretion, may reschedule the Conference to a date and/or time at which a person or persons with full settlement authority will attend.

### C. Plaintiff's Pro Se Status

Notwithstanding Plaintiff's *pro se* status, it is the Court's expectation that Plaintiff will comply with all Court orders, deadlines, practices and procedures.

April 13, 2022

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

Anthony Paul Dabrowski, Jr.