IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PAUL DABROWSKI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-142E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| OFFICER JOSHUA ALLISON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff counsel's Motion (Doc. 48) to join parties and file a second amended complaint will be granted, as follows.

Until recently, Plaintiff was litigating this case pro se. Plaintiff now has retained counsel, and the current requests come within the deadlines in the most recent CMO (Doc. 46) for moving to amend the pleadings and to join new parties. Notwithstanding that Plaintiff already once has amended his pleadings, a denial of the present request, in the Court's view, likely would constitute reversible error.

This being said, the Court understands that this recent turn of events may be frustrating to defense counsel, given that this case was filed in 2020, and the pleadings still have not closed. Should there be future, additional delays, moreover, Defendant(s) would have colorable arguments regarding undue delay and prejudice.

Accordingly, Plaintiff will be afforded one final opportunity to amend his pleadings, including the identification of additional putative defendants. The law of the case shall apply, and Plaintiff may not make amendments inconsistent with the legal analyses in the Court's prior substantive Orders (Docs. 16 & 23). Also, Plaintiff must make last, best efforts to state viable

claims, because the Court will not afford further opportunity for amendment. *See generally* Taylor v. Pilewski, 2008 WL 4861446, *3 (W.D. Pa. Nov. 7, 2008) ("[the c]ourt need not provide endless opportunities" for amendment, especially where such opportunity already has been enjoyed); Houser v. Donahoe, 2013 WL 6838699, at *6 (W.D. Pa. Dec. 27, 2013) (dismissing claims without leave to amend, because "[it] would be inequitable to require [the d]efendant, who already once ha[d] exhaustively and successfully defended [the p]laintiff's grievances, to respond to a continuous stream of formal and informal attempted amendments"), *aff'd sub nom.* Houser v. Postmaster General, 573 Fed. Appx. 141, 142 (3d Cir. Jul. 28, 2014).

In terms of timing, Plaintiff requests a period of 14 days after receipt of Defendant's initial disclosures, which were due February 21, 2023.  *See* current CMO (Doc. 46). Although Defendant's initial disclosures should, by now, have been served, the Court will afford an additional week, just to be sure, and the deadline for Plaintiff to file his second amended complaint is **March 15, 2023**.

Once the second amended complaint is filed and served, Defendant(s) will have to plead or otherwise respond, and there is a possibility of additional motion(s) to dismiss.  Thus, the remaining case management deadlines (other than Defendant's obligation regarding initial disclosures) are vacated, and will be reset by future order, as and when appropriate.  Specifically, **the discovery deadline of June 20, 2023** is **VACATED**, and **the Post-Discovery Status/Settlement Conference set for June 23, 2023, at 1:45 p.m.** is **CANCELLED**.

Consistent with the foregoing, Plaintiff's Motion (**Doc. 48**) for leave to file a second amended complaint is **GRANTED**.

IT IS SO ORDERED.

February 22, 2023               s/Cathy Bissoon
                                Cathy Bissoon
                                United States District Judge

cc (via ECF email notification):

All Counsel of Record