IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PAUL DABROWSKI, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CA. # l:20 - cv - 142 |
| | : | |
| OFFICER JOSHUA ALLISON, OFFICER | : | |
| ANTHONY FATICA, OFFICER | : | |
| WILLIAM GOODZICH, OFFICER | : | |
| JUSTIN GRIFFITH and OFFICER JERRY | : | |
| STEVENS, | : | |
| Defendants. | : | |

## ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, comes Defendants, by and through the Office of the City Solicitor, Deputy Solicitor Jason A. Checque, Esq., and files this Answer to First Amended Complaint with Affirmative Defenses as follows:

### I.      Jurisdiction.

This paragraph consists of conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, this paragraph is denied with strict proof thereof demanded at time of trial.

### II.      The Parties.

1.      Admitted.

2.      Admitted only that Defendant Allison is named in an individual capacity as the remaining claims against the City of Erie were dismissed by this Honorable Court.

3.      Admitted only that Defendant Fatica is named in an individual capacity as the remaining claims against the City of Erie were dismissed by this Honorable Court.

4.      Admitted only that Defendant Goodzich is named in an individual capacity as the remaining claims against the City of Erie were dismissed by this Honorable Court.

5.      Admitted only that Defendant Stevens is named in an individual capacity as the remaining claims against the City of Erie were dismissed by this Honorable Court.

6.      Admitted only that Defendant Griffith is named in an individual capacity as the remaining claims against the City of Erie were dismissed by this Honorable Court.

### III.      Statement of Facts.

7.      Defendants incorporate all preceding paragraphs as though set forth more fully at length herein.

8.      Denied as stated and strict proof thereof is demanded at time of trial.  It is specifically denied that Defendants used excessive force while on duty on July 8, 2018.  It is admitted that officers were called to the scene to investigate a report of a stolen vehicle.  The investigating officers confirmed that the vehicle was not stolen.  By way of further answer, Plaintiff appeared under the influence of controlled substances, was shouting obscenities at the investigating officers, and refused to leave the area.  With respect to the remaining averments, after reasonable investigation, defendant is without knowledge or information sufficient to form a belief as to the averments contained in this first paragraph of Plaintiff's statement of claim and the same are, therefore, specifically denied.

9.      Denied as stated and strict proof thereof is demanded at time of trial.  It is admitted that Defendants questioned Plaintiff and patted down Plaintiff for weapons and discovered a vial in Plaintiff's pocket.  It is also admitted that Plaintiff advised Defendants that Plaintiff believed that his friend's vehicle was stolen.  It is admitted that Plaintiff was placed under arrest and Plaintiff

resisted.  It is denied that Defendants punched and/or injured Plaintiff in any way.  By way of

further answer, Plaintiff appeared under the influence of controlled substances, shouting

obscenities at the investigating officers, and refused to leave the scene.  With respect to the

remaining averments, after reasonable investigation, defendant is without knowledge or

information sufficient to form a belief as to the averments contained in this second paragraph of

plaintiff's statement of claim and the same are therefore specifically denied.

10.     Denied as stated and strict proof thereof is demanded at time of trial.  It is admitted

that Plaintiff was advised to leave the scene but refused to leave the scene and continued to create

a disturbance.  It is further admitted that Plaintiff was advised he was under arrest and he physically

resisted.  It is specifically denied Plaintiff was kicked and/or struck in the head and/or torso and/or

injured in any way.  It is denied that Plaintiff was refused medical treatment.  To the contrary,

Plaintiff refused medical treatment.   With respect to Plaintiff's allegations of injury and damages,

Defendants are without knowledge or information sufficient to form a belief as to the truth of these

allegations and the same are, therefore, denied.

11.     It is admitted only that there is video documentation which speaks for itself.  With

respect to Plaintiff's allegations of injury and damages, Defendants are without knowledge or

information sufficient to form a belief as to the truth of these allegations and the same are,

therefore, denied.

12.     Denied as stated and strict proof thereof is demanded at time of trial. It is further

admitted that Plaintiff was advised he was under arrest and he physically resisted.  It is specifically

denied Plaintiff was kicked and/or struck in the head and/or the legs and/or the torso and/or injured

in any way.  With respect to Plaintiff's allegations of injury and damages, Defendants are without

knowledge or information sufficient to form a belief as to the truth of these allegations and the same are, therefore, denied

13.     Denied as stated and strict proof thereof is demanded at time of trial. It is further admitted that Plaintiff was advised he was under arrest and he physically resisted.  It is specifically denied Plaintiff was kicked and/or struck in the head and/or the legs and/or the torso and/or injured in any way.  With respect to Plaintiff's allegations of injury and damages, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the same are, therefore, denied

14.     Denied as stated and strict proof thereof is demanded at time of trial.  It is denied that Plaintiff was refused medical treatment.  To the contrary, Plaintiff refused medical treatment. With respect to Plaintiff's allegations of injury and damages, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and the same are, therefore, denied.

15.     Admitted only that Plaintiff subsequently filed a pro se Complaint and then an Amended Complaint that the present complaint is entitled First Amended Complaint.   The remainder of this paragraph is denied as stated and strict proof thereof is demanded at time of trial.

16.     After reasonable investigation, Defendants are without any information regarding the averments contained in paragraph 16 and the same are, therefore, denied.

17.     After reasonable investigation, Defendants are without any information regarding the averments contained in paragraph 17 and the same are, therefore, denied

IV.     <u>**Count I – Excessive Use of Force under 42 USC §1983**</u>

(Plaintiff vs. All Defendants)

18.     Defendants incorporate all preceding paragraphs as though set forth more fully at length herein.

19.     Paragraph 19 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 19 is denied with strict proof thereof demanded at time of trial.

20.     Paragraph 20 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 20 is denied with strict proof thereof demanded at time of trial.

21.     Paragraph 21 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 21 is denied with strict proof thereof demanded at time of trial.

22.     Paragraph 22 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 22 is denied with strict proof thereof demanded at time of trial.

23.     Paragraph 23 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 23 is denied with strict proof thereof demanded at time of trial.

24.     Paragraph 24 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 24 is denied with strict proof thereof demanded at time of trial.

25.     Paragraph 25 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 25 is denied with strict proof thereof demanded at time of trial.

WHEREFORE, Defendants deny all of Plaintiff's claims and demand judgment in Defendants' favor, plus attorney's fees, costs of suit and any other such relief as this Court may deem just and proper

### V.     Count II – Failure to Intervene (in the alternative)

(Plaintiff vs. Fatica, Goodzich, Griffith, Stevens)

26.     Defendants incorporate all preceding paragraphs as though set forth more fully at length herein.

27.     Paragraph 27 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 27 is denied with strict proof thereof demanded at time of trial.

28.     Paragraph 28 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 28 is denied with strict proof thereof demanded at time of trial.

29.     Paragraph 29 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 29 is denied with strict proof thereof demanded at time of trial.

30.     Paragraph 30 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 30 is denied with strict proof thereof demanded at time of trial.

31.     Paragraph 31 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 31 is denied with strict proof thereof demanded at time of trial.

32.     Paragraph 32 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 32 is denied with strict proof thereof demanded at time of trial.

WHEREFORE, Defendants deny all of Plaintiff's claims and demand judgment in Defendants' favor, plus attorney's fees, costs of suit and any other such relief as this Court may deem just and proper

### VI.     Count III – False Arrest and Unlawful Seizure (Fourth Amendment)

(Plaintiff vs. All Defendants)

33.     Defendants incorporate all preceding paragraphs as though set forth more fully at length herein.

34.     Paragraph 34 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 34 is denied with strict proof thereof demanded at time of trial.

35.     Paragraph 35 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 35 is denied with strict proof thereof demanded at time of trial.

36.     Paragraph 36 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 36 is denied with strict proof thereof demanded at time of trial.

37.     Paragraph 37 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 37 is denied with strict proof thereof demanded at time of trial.

38.     Paragraph 38 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 38 is denied with strict proof thereof demanded at time of trial.

39.     Paragraph 39 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 39 is denied with strict proof thereof demanded at time of trial.

40.     Paragraph 40 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 40 is denied with strict proof thereof demanded at time of trial.

WHEREFORE, Defendants deny all of Plaintiff's claims and demand judgment in Defendants' favor, plus attorney's fees, costs of suit and any other such relief as this Court may deem just and proper

## VII.   **Count IV – Assault and Battery**

### **(Plaintiff vs. Allison)**

41.     Defendants incorporate all preceding paragraphs as though set forth more fully at length herein.

42.     Paragraph 42 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 42 is denied with strict proof thereof demanded at time of trial.

43.     Paragraph 43 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 43 is denied with strict proof thereof demanded at time of trial.

44.     Paragraph 44 consists of conclusions of law to which no responsive pleading is required. To the extent a response is required, Paragraph 44 is denied with strict proof thereof demanded at time of trial.

WHEREFORE, Defendants deny all of Plaintiff's claims and demand judgment in Defendants' favor, plus attorney's fees, costs of suit and any other such relief as this Court may deem just and proper

## PRAYER FOR RELIEF

Defendants deny all of Plaintiff's claims and demand judgment in Defendants' favor, plus attorney's fees, costs of suit and any other such relief as this Court may deem just and proper.

## TRIAL BY JURY OF TWELVE (12) DEMANDED

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendants' actions conformed to all applicable laws and regulations at all times relevant hereto.

### Third Affirmative Defense

Plaintiff's First Amended Complaint, and all claims raised against each and every party named as a defendant thereto, is barred by the statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of collateral estoppel and/or *res judicata.*

### Fifth Affirmative Defense

Plaintiff was not deprived of any right secured by the United States Constitution.

### Sixth Affirmative Defense

At all times relevant hereto, the Defendants acted with and pursuant to a bona fide good faith belief that their actions were lawful, privileged, justified and in keeping with their official and proper duties.  The Defendants are entitled to qualified immunity and good faith immunity from liability from any and all claims made by Plaintiff.

### Seventh Affirmative Defense

Plaintiff failed to mitigate damages.

### Eighth Affirmative Defense

Any alleged deprivation of Plaintiff's rights was not sufficiently serious to rise to the level of a constitutional violation.

### Ninth Affirmative Defense

Defendants state that while they deny the allegations and averments made or contained in Plaintiff's First Amended Complaint, any and all acts or actions committed by them were discretionary in nature and taken in good faith.

**Tenth Affirmative Defense**

Defendants are entitled to the defense of qualified immunity. The Defendants acted with objective reasonableness and clearly without malice or deliberate indifference to the known rights of the Plaintiff.  The Defendants acted with a good faith belief that their actions were constitutional and such belief was reasonable under the circumstances.

**Eleventh Affirmative Defense**

Defendants affirmatively plead that they cannot be liable to Plaintiff because at all times they acted within the scope of their discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling them to a qualified immunity from suit and damages.

**Twelveth Affirmative Defense**

Plaintiff's alleged injuries and damages were not caused by the conduct, acts or omissions of these Defendants.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred or diminished by the doctrine of unclean hands.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred or diminished by the doctrines of waiver, estoppel and/or laches.

**Fifteenth Affirmative Defense**

Defendants deny each and every other allegation, matter and averment made or contained in Plaintiff's Complaint not specifically and previously admitted herein.

**Sixteenth Affirmative Defense**

Defendants reserve the right to plead and assert additional Affirmative Defenses when facts supporting said Affirmative Defenses become known and available.

WHEREFORE, Defendants deny all of Plaintiff's claims and demand judgment in Defendants' favor, plus attorney's fees, costs of suit and any other such relief as this Court may deem just and proper.

**TRIAL BY JURY OF TWELVE (12) DEMANDED**

Respectfully submitted,

/s/ Jason A. Checque
Jason A. Checque, Esq.
Deputy City Solicitor
I.D. # 94839
626 State Street, Room 505
Erie, PA 16501
PH: 814/870-1230
FX: 814/455-9438
E-mail: jchecque@erie.pa.us
(Attorney for Defendants)